UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DAVID JOHNSON, JR.,

    Plaintiff,

vs.                                        Case No.
                                          Hon.

NUCO HEALTH, LLC., d/b/a
HEALTHRISE SOLUTIONS, a
Delaware corporation,

                                          *DEMAND FOR JURY TRIAL*

    Defendant.
_____/
SCHWARTZ LAW FIRM, P.C.
By:  Jay A. Schwartz (P45268)
      Mary A. Mahoney (P41568)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan  48331
(248) 553-9400
mmahoney@schwartzlawfirmpc.com
_____/

## PLAINTIFF'S COMPLAINT

## and JURY DEMAND

NOW COMES Plaintiff, RONALD D. JOHNSON, JR., by and through his attorneys, Schwartz Law Firm, P.C., and for his Complaint, states as follows:

## JURISDICTION AND PARTIES

1.    This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant §107(a) of the Americans with

1

Disabilities Act (ADA), 42 USC 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5.

2. This court has jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(4).

3. Plaintiff is a resident of the State of Kentucky.

4. Defendant is a Delaware corporation that does business in the Eastern District of Michigan, specifically in this case in the County of Oakland, State of Michigan, and is subject to the jurisdiction of this court.

5. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

6. Defendant is a *person* within the meaning of §101(7) of the ADA, 42 USC 12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

7. Defendant meets all of the requirements for employer status under the ADA, 42 USC 12111(5)(A).

8. Plaintiff filed a timely charge of employment discrimination on the basis of disability with the EEOC within 300 days of the commission of the unlawful employment practice alleged herein.

9.      Plaintiff received notification of his right to sue from EEOC on or after March 16, 2016, and has filed this Complaint within 90 days of receiving notice of his right to sue.

## BACKGROUND FACTS

10.     On or about June 15, 2015, Plaintiff became employed by Defendant as an Executive Assistant.

11.     Plaintiff is HIV-positive and has Type II Diabetes.

12.     At the time of interviewing for the position with Defendant, Plaintiff had a secure job with a governmental entity in Kentucky.

13.     As Plaintiff progressed through the interview process with Defendant, he emphasized repeatedly that health insurance was critical in his decision whether to accept a job with Defendant, and indicated that he would only consider leaving his current position if he were afforded health care insurance coverage as a benefit of employment.

14.     When Plaintiff began work on June 15, 2015, he was provided with basic information about his employment and login/password information in order to enroll in Defendant's health insurance program.

15.     From June 15, 2015 through June 17, 2015, Plaintiff was engaged in training for his new position with Defendant.

16. On June 16, 2015, Plaintiff had lunch with Ryan McKindles, a corporate officer and General Counsel for Defendant, and one of the individuals for whom Plaintiff would be directly working for during his employment.

17. During the luncheon session, McKindles began asking Plaintiff why health insurance was so important to him.

18. Plaintiff initially attempted to deflect these inquiries, but McKindles continued to make inquiries about Plaintiff's need for health care coverage.

19. After being subjected to persistent and continued questions regarding his need for health insurance, Plaintiff informed McKindles that he had a life-threatening autoimmune disease.

20. Later that day, a welcome party was held for Plaintiff and two other new employees; the party occurred in the company's offices, where an open bar is maintained for company employees.

21. During the welcome party, McKindles and another employee, Amy Sylvester, began inquiring as to why Plaintiff was not consuming alcohol.

22. Plaintiff again attempted to deflect these inquiries, but ultimately told them that he has Type II Diabetes.

23. After McKindles learned of the health conditions of Plaintiff, he began treating Plaintiff differently and distantly.

24. On June 17, 2015, Plaintiff attempted to login to the healthcare portal to complete his enrollment, but found that he had been locked out and could not access the portal; Plaintiff received no response to his inquiries about why he could not obtain access to the portal.

25. On June 18, 2015, which was Plaintiff's fourth day of working for Defendant, he was called into a conference room and terminated.

26. At the time of his termination, Defendant told Plaintiff that they no longer needed the position, and had made a mistake in hiring Plaintiff; reference was made to not meeting company standards, but no standards were provided that Plaintiff allegedly failed to meet, as he had solely been involved in training and had not had an opportunity to perform.

27. Following Plaintiff's termination, Defendant reposted Plaintiff's position to recruit candidates for the same position.

## COUNT I

## DISABILITY DISCRIMINATION

## AMERICANS WITH DISABILITIES ACT

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. At all material times, Plaintiff was an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(1).  Specifically, Plaintiff

has a physical impairment, that substantially limits one or more of his major life activities, namely that he is HIV positive.

30. Plaintiff was an individual with a disability within the meaning of 42 USC 12102(2), because he was regarded by Defendant as having HIV, and therefore regarded as substantially limited in one or more major life activities, including without limitation interacting with others.

31. Plaintiff is a qualified individual as that term is defined in the ADA, 42 USC 12111(8); Plaintiff is an individual who can perform the essential functions of his job as an executive assistant for Defendant with or without accommodation.

32. Plaintiff did not request any accommodation from Defendant.

33. Plaintiff, pursuant to unlawful questioning about his medical condition, provided information to Defendant about his medical condition, i.e. that he had a life-threatening autoimmune disease.

34. As a direct result of Defendant's knowledge and belief that Plaintiff had a life-threatening autoimmune disease, Defendant was quickly and summarily discharged from his position with Defendant.

35. The reasons given to Plaintiff to justify his termination were pretextual, insofar as they were not accurate and/or were not sufficient to justify his termination after only four days of working for Defendant.

36. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, specifically, loss of health care coverage that is critical to his survival, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief:

    a. a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

    b. compensatory damages in whatever amount he is found to be entitled;

    c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;

    d. an award of interest, costs, and reasonable attorney fees.

2. Equitable relief:

    a. an order reinstating Plaintiff to the position he would have held if there had been no discrimination and retaliation by Defendant;

    b. an injunction prohibiting any further acts of retaliation or discrimination;

    c. an award of interest, costs, and reasonable attorney fees;

    d. whatever other equitable relief appears appropriate at the time of trial.

## COUNT II

## DISABILITY DISCRIMINATION

## MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

37. Plaintiff incorporates by reference paragraphs 1 through 36.

38. At all material times, Plaintiff was an employee and Defendant corporation was his employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 *et seq.*

39. Plaintiff's HIV-positive status constitutes a disability, as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(e).

40. At the time of his termination, Plaintiff's HIV-positive status was unrelated to his ability to perform the duties of Executive Assistant with Defendant, and was unrelated to his qualifications for employment as an Executive Assistant.

41. Defendant perceived that Plaintiff had a disability that related to his ability to perform his duties, specifically, his ability to interact with others.

42. Defendant discriminated against Plaintiff within the meaning of the PDCRA when it terminated his employment because of his HIV-positive status.

43. Plaintiff's HIV-positive status was a determining factor in Defendant's decision to terminate Plaintiff and preclude him from returning to work.

44. The actions of Defendant and its agents, representatives and employees were intentional and in disregard for the rights and sensibilities of Plaintiff.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, specifically, loss of health care coverage that is critical to his survival, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief:

    a. a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

    b. compensatory damages in whatever amount he is found to be entitled;

    c. exemplary damages commensurate with the wrong and Defendant's ability to pay;

    d. an award of interest, costs, and reasonable attorney fees.

2. Equitable relief:

    a. an order reinstating Plaintiff to the position he would have held if there had been no discrimination and retaliation by Defendant;

    b.    an injunction prohibiting any further acts of retaliation or discrimination;

    c.    an award of interest, costs, and reasonable attorney fees;

    d.    whatever other equitable relief appears appropriate at the time of trial.

SCHWARTZ LAW FIRM, P.C.

By: /s/ Mary A. Mahoney
Mary A. Mahoney (P41568)
Jay A. Schwartz (P45268)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331

Dated: June 14, 2016   (248) 553-9400

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, Ronald D. Johnson, Jr., by and through his attorney, SCHWARTZ LAW FIRM, P.C., and hereby demands a trial by jury of the within cause.

SCHWARTZ LAW FIRM, P.C.

By: /s/ Mary A. Mahoney
Mary A. Mahoney (P41568)
Jay A. Schwartz (P45268)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331

Dated: June 14, 2016   (248) 553-9400